

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer L. Moss
County Attorney
Wheeler County
Wheeler, Texas

Dear Sir:

Opinion No. O-2066
Re: Election and qualifications of
county school trustees at large.

We are in receipt of your letter of March 6,
1940, in which you submit the following questions for our
opinion:

"(a) May the voters of an independent
school district (as distinguished from a con-
solidated independent school district) vote for
a county school trustee at large?

"(b) If question (a) is answered in the
negative, may the county trustee at large reside
in such independent district?"

We appreciate your brief and analysis of the sta-
tutes, which you submitted with your request, and which has
been of material assistance to us in preparing our opinion.

Article 2676, as enacted in the 1925 codification
of the statutes of Texas, provided only that residents of
common school districts might vote for county school trus-
tee at large.

Section 8 of Acts 1927, 40th Legislature, First
Called Session, Chapter 84, page 228, (Article 2742-a, Sec-
tion 8, Vernon's Texas Civil Statutes) provides as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"One county trustee shall be elected from
the county at large, and one from each commis-
sioners' precinct by the voters of the districts
under the supervision of the county trustees and
no school district not under the supervision of
such trustees shall participate in their elec-
tion."

We do not consider it necessary to determine whether
there is a conflict between the above quoted provision and
Article 2676 since Article 2676 has been subsequently amended
specifically designating the persons entitled to vote in such
elections and would be controlling as a more recent expression
of the Legislature in the event such conflict should exist.

Article 2676, Revised Civil Statutes, 1925, was
amended by Acts 1932, 42nd Leg., 3rd C. S., Ch. 34, p. 98, so
as to provide:

"The general management and the control of
the public free schools and high schools in each
county, unless otherwise provided by law shall
be vested in five (5) county school trustees
elected from the county, one of whom shall be
elected from the county at large by the qualified
voters of the common and consolidated independent
school districts of the county and one from each
commissioners' precinct by the qualified voters of
each commissioners' precinct who shall hold office
for a term of two (2) years. . . ." (Underscoring
ours.)

Section 2 provided that the Act should apply to all
counties having not less than 10,262 and not more than 10,349
inhabitants by the last preceding Federal census. Section 3
declared an emergency because of the fact that the County
Board of school trustees exercised control over consolidated
independent school districts and that under existing law
qualified voters in such district did not have the privilege
of voting for school trustees at large.

This Act was again amended by Acts 1934, 43rd Leg.,
2nd C. S., Ch. 28, p. 108, by re-enacting the above quoted
provision, validating the election of trustees theretofore
elected in accordance with those provisions, eliminating

Honorable Homer L. Moss, Page 3

Section 2 therefrom, and repealing all laws or parts of laws in conflict therewith.

It is evident that this amendment was passed to eliminate the confusion caused by Section 2 of Acts of 42nd Leg., 1st C. S., Ch. 34, p. 98, and to make the statute applicable to counties generally.

It is our opinion that Article 2676, as amended, controls the answer to your first question and only qualified voters of common and consolidated independent school districts of a county are entitled to vote for county school trustee at large.

A similar ruling was made by this Department in an opinion dated February 9, 1935, addressed to Hon. G. M. Mann, Letter Book 360, page 927, in construing the same language in Acts 42nd Leg., 3rd C. S., Ch. 34, p. 98, although no reference was made therein to Section 2 of that Act.

Article 2677, Revised Civil Statutes, 1925, provides the qualifications of county school trustees and reads in part as follows:

"The county school trustees shall be qualified voters of the precinct or county from which they are elected, and four of them shall reside in different commissioners' precincts. They shall be of good moral character, able to read and speak the English language, shall be persons of good education, and shall be in sympathy with the public free school. . . ."

Article 2676 does not purport to define the qualifications of county trustees. The requirements of Article 2677 with reference to the residence of the county school trustee at large only requires that such trustee be a resident of the county from which he is elected.

It is our opinion that a county school trustee at large is not required to reside in a common or consolidated

Honorable Homer L. Moss, Page 4

independent school district, but may be a resident of an independent school district in the county from which he is elected.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By       *Cecil C. Cammack*
Cecil C. Cammack
Assistant

CCC:BBB

APPROVEDMAR 18, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY \_\_\_\_
CHAIRMAN